94

In re Enrique RUIZ & Raquel
Ruiz, Debtors.

Bankruptcy No. 81–00839–BKC–TCB.

United States Bankruptcy Court,
S. D. Florida.

July 13, 1981.

Robert S. Korschun, Miami, Fla., for debtors.

Robert L. Roth, Miami, Fla., Trustee.

Lee Ross, Interim Trustee.

## ORDER DENYING CONFIRMATION AND CONVERTING CASE TO CHAPTER 7

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 plan was before the court for confirmation on July 8, 1981. The plan calls for monthly payments to the trustee for creditors of $500. Four of the five creditors provided for in the plan are secured creditors. However, the debtor's schedules reflect that his monthly expenses ($1,365) exceed his monthly income ($1,000), leaving him $365 a month short of meeting his reasonably anticipated living expenses. There is, it is admitted, no realistic basis to assume that he can make any payment whatsoever to the trustee.

A chapter 13 plan may be confirmed if, but only if, it meets the six requirements specified at 11 U.S.C. § 1325(a), including the requirement that:

"(6) the debtor will be able to make all payments under the plan and to comply with the plan."

It is obvious that this plan does not meet the statutory requirements for confirmation and must be denied confirmation.

It is the debtor's contention that because no creditor appeared at the confirmation hearing to oppose confirmation and no creditor has filed a rejection of the plan, we may presume that all creditors accept the plan and this court is, therefore, authorized to confirm it.

I cannot agree. There is no longer any requirement for a vote on a plan. There is no provision in the Code which requires objection or permits the presumption of acceptance through failure to object. The Code specifies the minimum standard which a plan must meet for confirmation and places the responsibility solely on the court to determine whether or not the plan meets that standard, and if so whether the plan should be confirmed. In this instance, no acceptances have been filed and there is, therefore, no basis to impute consent to any creditor. It is more plausible to assume that the silence of creditors is due to (a) the reluctance of creditors to incur the expense of employing an attorney to protest when to do so would appear to be throwing good money after bad and (b) the form of notice provided by the Code coupled with the brief

time span between notice and confirmation hearing make it difficult for the typical businessman to appreciate what is happening and, indeed, when a confirmation hearing will be held.

Confirmation is, therefore, denied.

It is obvious that no purpose would be served by amendment of this petition. At the hearing before me, the debtors advised in open court that they preferred conversion to chapter 7. In accordance, therefore, with the provisions of 11 U.S.C. § 1307(a), this case is converted to chapter 7. Robert L. Roth is relieved of all further responsibility as trustee and Lee Ross is appointed interim trustee of this estate. The trustee's bond is waived. By a separate order, a § 341 creditors' meeting will be scheduled.